IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21CR90 |
| v. | |
| ROBERT A. HOOD, | ORDER |
| Defendant. | |

    This matter is before the Court on defendant Robert Hood's ("Hood") motion for a sentence reduction (Filing No. 310) pursuant to 18 U.S.C. § 3582(c)(1)(A). That statute authorizes Hood to move for a reduction after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the [his] facility." *Id.*

    Through counsel, Hood states he "has satisfied the administrative remedy process outlined in the Prison Litigation Reform Act." As grounds for relief, he reports that his young son was recently "diagnosed with severe autism" and "needs a [fulltime] caretaker." Because Hood is incarcerated, his "wife was forced to go to work fulltime to provide financial support for [Hood's] family." Hood states he seeks his release so he can return home, obtain fulltime employment, and provide the necessary care for his son with his wife.

    On initial review, the Court finds Hood has potentially presented a colorable ground for relief under § 3582(c)(1)(A)(i). To facilitate the Court's review of Hood's request,

    IT IS ORDERED:

1. The United States Probation and Pretrial Services Office is directed to investigate Hood's request and promptly file under seal a report on that investigation.

2. The probation office is authorized to disclose Presentence Investigation Reports to Hood's counsel and the United States Attorney for the purpose of evaluating the motion. In accordance with the policy of the Federal Bureau of Prisons, no Presentence Investigation Report shall be provided to inmates.

3. The government and Hood's counsel shall each file within ten days of the probation office filing its investigation report a brief addressing Hood's request for sentencing relief and provide any evidence necessary to the Court's disposition of his motion. In particular, the parties should address whether Hood's reported administrative efforts under the Prison Litigation Reform Act meet § 3582(c)'s statutory requirements.

4. Absent an extension, the motion shall be deemed fully briefed and submitted as of that date.

Dated this 11th day of April 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge