IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21CR90 |
| v. | |
| ROBERT A. HOOD, | MEMORANDUM AND ORDER |
| Defendant. | |

On October 3, 2022, defendant Robert Hood ("Hood") pleaded guilty pursuant to a written plea agreement (Filing No. 177) to one count of conspiring to distribute and possess with intent to distribute several controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) and 846, and one count of conspiring to launder the proceeds of that unlawful drug-trafficking activity, in violation of 18 U.S.C. § 1956(h). At sentencing on January 6, 2023, the Court granted Hood's request for a downward variance (Filing No. 219) based on his family circumstances and sentenced him to concurrent terms of 72 months imprisonment and 3 years of supervised release on each count.

The Court deferred Hood's date of surrender to no earlier than March 24, 2023. The judgment was returned executed on April 11, 2023 (Filing No. 292). Hood self-surrendered as scheduled to the Federal Correctional Institution in Cumberland, Maryland ("FCI Cumberland"), where he is currently serving his sentence. Hood did not appeal his conviction or sentence. His projected release date is December 1, 2027.

Now pending before the Court is Hood's "Request for Compassionate Release/Reduction of Sentence" (Filing No. 310) pursuant to 18 U.S.C.

§ 3582(c)(1)(A)(i).[1] The Court has also carefully reviewed the parties' submissions and an investigative report prepared by the United States Probation and Pretrial Services Office ("probation").

Section 3582(c)(1)(A)(i) authorizes the Court to reduce Hood's sentence if he establishes that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*; *see also* U.S.S.G. § 1B1.13 (setting forth circumstances that constitute "[e]xtraordinary and compelling reasons"); *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022) ("[T]he inmate bears the burden to establish that compassionate release is warranted.").

Before he can directly move the Court to reduce his sentence, Hood must either fully exhaust "all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on" his behalf or wait thirty days after asking the warden at FCI Cumberland to have the BOP file one for him. 18 U.S.C. § 3582(c)(1)(A). Asserting he has exhausted his administrative remedies, *see United States v. Houck*, 2 F.4th 1082, 1083 (8th Cir. 2021) ("According to the plain terms of § 3582(c)(1)(A), prisoners can bring compassionate-release motions on their own once they have exhausted their administrative remedies."), Hood contends he qualifies for judicial review under § 3582(c)(1)(A).

The government notes Hood "bears the burden proving" that he has met the "requirements for judicial review" but does not challenge his motion on that basis—instead urging denial on the merits. Given the government's focus, the Court likewise turns to the merits of Hood's request. *See id.* at 1084 (describing § 3582(c)(1)(A)'s procedural

---

[1] Requests for sentence reductions under § 3582(c)(1)(A)(i) are often colloquially referred to as requests for compassionate release. *See, e.g.*, *United States v. Sims*, 87 F.4th 917, 919 (8th Cir. 2023).

requirements as "mandatory claim-processing rule[s]" that "must be enforced" if "the opposing party properly raises it").

In support of his motion, Hood reports that his young son was recently "diagnosed with severe autism" and "needs a [fulltime] caretaker." Because Hood is incarcerated, his "wife was forced to go to work fulltime to provide financial support for [Hood's] family." Understandably concerned about his son losing the skills he has acquired so far in his young life, Hood states he seeks his release so he can return home, obtain fulltime employment, and provide the necessary care for his son with his wife.

Hood's description of his family circumstances does not meet one of the specific grounds described by the Sentencing Commission as constituting "extraordinary and compelling circumstances." *See* U.S.S.G. § 1B1.13(b). For example, § 1B1.13(b)(3)(A) indicates "[t]he death or incapacitation of the caregiver of the defendant's minor child" would be "extraordinary and compelling." We don't have that here. Section 1B1.13(b)(3)'s other subsections likewise require circumstances in which the defendant would be the only available caregiver for a family member in dire circumstances.

Section 1B1.13(b)(5) creates a catch-all category of "other reasons" for a defendant who "presents any other circumstance or combination of circumstances that" are similarly grave. But, in the Court's view, Hood doesn't meet its requirements either. Hood's circumstances are undoubtedly serious, and the Court will take him at his word that he wants to be there to take care of his family. Unfortunately, his circumstances—taken as a whole—are not "extraordinary and compelling" and do not warrant a reduction, particularly in light of the balance of the relevant 18 U.S.C. § 3553(a) sentencing factors the Court must consider in deciding whether to grant relief under § 3582(c)(1)(A)(i). *See Sims*, 87 F.4th at 919 (noting that courts deciding § 3582(c)(1)(A)(i) motions must consider "the applicable § 3553(a) sentencing factors").

Such factors include the nature and circumstances of the offenses of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crimes, to promote respect for the law, and to provide just punishment for the offenses. *See* 18 U.S.C. § 3553(a). A defendant's sentence should also deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id.* The Court has broad discretion in considering these factors on a motion for compassionate release. *See United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

Here, Hood's crimes were serious but not violent. Notwithstanding the government's argument to the contrary, the Court does not see Hood as a significant danger to the public beyond the normal risk of recidivism. Hood has a relatively limited criminal history and has not only participated in BOP programming but has also been productively employed while in prison.

At the same time, the Court notes Hood's prior noncompliance with court orders in the past and the serious disciplinary incident he had while in BOP custody. According to probation, that incident cost him twenty-seven days of good-conduct time. The Court also notes that Hood has served a fairly small part of a sentence that was already reduced in part as a result of Hood's "family needs and personal issues," which included his son's need for care (Filing No. 219).

In light of the foregoing, Hood's "Request for Compassionate Release/Reduction of Sentence" (Filing No. 310) is denied at this time.

IT IS SO ORDERED.

Dated this 30th day of July 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

5